## Ex Parte E. D. Butcher.

No. 14963.  Delivered January 27, 1932.
Rehearing Granted October 19, 1932.
Reported in 53 S. W. (2d) 781.

MORROW, Presiding Judge, dissenting from opinion on motion for rehearing.

The opinion states the case.

*J. S. Bracewell,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This is an application for a writ of habeas corpus.

It is charged that E. D. Butcher employed Helen George, a female, to work in a laundry in the city of Houston for more than fifty-four hours during the calendar week.

The statute charged to have been transgressed is contained in chapter 56, Acts of 34th Leg., Reg. Session, page 105 (Gammel's Laws, vol. 17, p. 105), embraced in articles 1569,

1570, and 1572, of the revision of the Penal Code, 1925. The applicable parts of the statute are as follows:

"Art. 1569.—No female shall be employed:

"1. In any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine hours in any one calendar day nor more than fifty-four hours in any one calendar week.

"2. In any laundry for more than fifty-four hours in one calendar week; the hours of work to be so arranged as to permit the employment of such female at any time so that she shall not work more than a maximum of eleven hours during the twenty-four-hour period of one day.

"3. In any factory engaged in the manufacture of cotton, woolen or worsted goods or articles of merchandise manufactured out of cotton goods, for more than ten hours in any one calendar day nor more than sixty hours in any one calendar week."

"Art. 1572.—Any employer, overseer, superintendent, foreman or other agent of any such employer who shall permit any female to work in any place mentioned in the first two articles of this chapter more than the number of hours provided for during any day of the twenty-four hours, or who shall fail or refuse to so arrange the work of such employes in said place so that they shall not work more than the number of hours so provided for, or who shall fail or refuse to provide suitable seats as provided in the second preceding article, shall be fined not less than fifty, nor more than two hundred dollars. Each day of such violation, and each such employe permitted to work more than the time so specified shall be a separate offense."

It appears to be the contention of the relator that in the statute there is provided no penalty for the act of the appellant set forth in the complaint. That is to say, as understood, he contends that the penalty declared in article 1572, supra, has no application to that part of section A of the act reading as follows: "In any laundry for more than fifty-four hours in one calendar week." If we comprehend the language of the statute, it does not admit of the interpretation for which the relator contends. Going to the caption of the act and eliminating the irrelevant parts, the following is found: "An Act limiting the hours of labor for females employed in any * * *

*laundry,* \* \* \* or any other establishment, institution or enterprise or any state institution where females are employed, except as hereinafter provided; \* \* \* providing a *penalty* for failure or refusal of such employer to comply with the provisions of this Act, or for permitting or suffering any superintendent, overseer, foreman or other agent of such employer, entrusted with authority, to violate any of the provisions of this Act; providing for extraordinary emergencies, and declaring an emergency."

Article 1569, supra, is identical with sections 1a and 1b, chapter 56, Acts of the Legislature, above mentioned. Section 3 of the Act contains the following: "Any employer, overseer, superintendent, foreman, or other agent of any such employer who shall permit any female to work in any of the places mentioned in Sections 1, 1a and 1b more than the number of hours provided for in this Act during any day of the twenty-four hours, or who shall fail, neglect or refuse to so arrange the work of females employed in said places mentioned in Sections 1, 1a and 1b so that they shall not work more than the number of hours provided for in Sections 1, 1a and 1b of this Act, during any day of twenty-four hours or the number of hours prescribed by this Act in any one week, or who shall fail, neglect or refuse to provide suitable seats as provided in Section 2 of this Act shall be deemed guilty of a misdemeanor, and upon conviction in any court of competent jurisdiction shall be fined in any sum not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars."

It is the claim of the relator that it was not the intention of the Legislature to penalize the employer of females in a laundry. To permit one of them to work in excess of fifty-four hours per week, in the opinion of this court, does violence to the legislative intent reflected by the act of the Legislature mentioned above; namely, chapter 56, Acts of 34th Legislature (1915). We think it cannot justly be assumed that in transposing some of the verbiage in the original act by the codifiers there was an intent to change or modify the meaning of the act of the Legislature. Taken in its entirety as it appears in the act of the Legislature, in the opinion of this court, nothing appears in the act (as codified in the Penal Code of 1925) that the law does not penalize the conduct of the accused set forth in the complaint; namely, to permit his female employees in a laundry to work more than fifty-four hours in the calendar week.

The bearing of the caption of an act of the Legislature in

interpreting the legislative intent is recognized by courts and text-writers. See Lewis' Sutherland, Statutory Construction (2d Ed.), vol. 2, p. 651, sec. 340. The same may be said with reference to the original act of the Legislature in instances where, in the re-enactment in the codifying, there has been a re-arrangement of the verbiage. See Lewis' Sutherland Stat. Const., supra, p. 857, sec. 451. From section 456 of the text just mentioned the following quotation is taken: "Where the meaning of a statute or any statutory provision is not plain, a court is warranted in availing itself of all legitimate aids to ascertain the true intention; and among them are some extraneous facts. The object sought to be accomplished exercises a potent influence in determining the meaning of not only the principles but also the minor provisions of a statute."

Manifestly, the intent of the Legislature, apparent from both the original act and its re-enactment in the Penal Code, is to protect female employees in certain occupations, including laundry, from working more than fifty-four hours a week and to penalize employers who violate the legislative mandate. A conclusion in accord with the relator's contention would be directly opposed to the object sought to be accomplished by the Legislature. If possible, statutes are to be construed to carry out the obvious intention of the Legislature. See Lewis' Sutherland Statutory Construction, supra, sec. 526, also sec. 528. It is thought that the statute under consideration is not ambiguous in the particular under investigation, especially when considered in the light of the precedents and principles to which reference has been made.

For the reasons stated, the application for writ of habeas corpus is denied, and the relator is remanded to the custody of the sheriff of Harris county, Texas.

*Writ denied.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Relator renews complaint originally made questioning whether there is now on our statute books any penalty against him who operates a laundry and permits a female employee to work therein for more than fifty-four hours in one calendar week. Examining again article 1569, P. C., 1925, we note that it has three subdivisions: The first forbidding that a female employee, engaged in the occupations named, be allowed to work more than nine hours in any one calendar day, or more than fifty-four hours in any one calendar week; the second forbidding that female employees in laun-

dries be permitted to work more than fifty-four hours in one calendar week, and commanding that her hours of work be so arranged as not to permit her to work more than eleven hours in any one day; and third, prohibiting that female employees, in the occupations named, be allowed to work more than ten hours per day, or more than sixty hours in any week. Article 1572, P. C., fixes the penalty for the wrongful act of an employer who violates the above prohibitions, and commands and states: "Any employer * * * who shall permit any female to work in any place mentioned * * * more than the number of hours provided for during any day of the twenty-four hours, or who shall fail or refuse to so arrange the work of such employes in said place so that they shall not work more than the number of hours *so provided for.*"

The matter under discussion seems one of first impression; we being unable to find where it has been before this court. There seem to be but two matters forbidden in article 1569, supra, which are made penal by the terms of article 1572, supra, viz: First, permitting female employees to work more than the number of hours *provided for in any one day;* second, failing and refusing to so arrange the work of such employees as that they shall not work more than the number of hours *so provided for.* Just what this last expression "so provided for" means, we are not called on to say, in as much as this relator is not charged with "failing or refusing to so arrange the work" of his female employees so that they shall not work either more than the hours per day or per week provided for. He is plainly charged with permitting such employees to work more than fifty-four hours in a laundry in a calendar week— an offense for which no penalty is fixed by article 1572, supra. We see no way by which we can go beyond the language of article 1572, supra, as written and enacted in the revised Penal Code of 1925, and read into said article any penal clause which may have been put therein by any former act of the Legislature in 1915. The matter before us is not merely one pertaining to procedure, concerning which slight differences between Civil and Penal Codes may be so interpreted by the courts as to uphold orderly procedure. The mandate of our statute is that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty affixed thereto by the written law of this state. Article 3, P. C. Nor can he be held to answer for such offense until there is filed a proper pleading by the state charging him with same "in plain and intelligible words," wherein shall be set forth everything neces-

sary to be proved against him, with that certainty which will not only apprise him of the offense charged, but also enable him to plead the judgment in bar of any subsequent prosecution for the same offense. Articles 396-398, C. C. P.

Can it be contended that this relator—charged with permitting Helen George to work more than fifty-four hours in one calendar week in his laundry—would or could know that thereby he was charged with "failing and refusing to so arrange" the work of Helen George as that she should not work more than fifty-four hours per week? We do not think so. The only command of article 1569, supra, which in any way binds relator to "so arrange the work" of Helen George states plainly that "the hours of work to be so arranged as to permit the employment of such female at any time so that she shall not work more than a maximum of eleven hours during the twenty-four-hour period of one day." In said article 1569 some latitude is given to the employer in arranging the hours of work per day of his female employees, that is, in the matter of lengthening or shortening such work day, but none is given him in extending or lengthening the hours of work per week. He may make six nine-hour work days, or in some cases so many eight hour or ten hour or even eleven hour work days during the week if he chooses and be within the terms of the statute, but he can not arrange the work so that any employees named in subdivision one and two of said article can work more than fifty-four hours in any week. There is no question about the week's work hours. If such employer of female labor lets his employees work more than fifty-four hours in a week, he violates the command of article 1569. No arrangement of work hours could affect this fact. We are constrained to hold that article 1572, supra, fixes no penalty for the act of an employer of female labor in a laundry who permits his employees to work more than fifty-four hours per week, and, in obedience to the command of our statute, we must hold that the prosecution in this case, under the allegations of the complaint, must fall; no penalty being affixed by the written law of this state to the act charged.

The motion for rehearing is granted, the judgment remanding relator is set aside, and the relator is ordered discharged.

*Relator ordered discharged.*

Presiding Judge Morrow adheres to his views as originally written.